RODGERS v. STATE.

[72 South. 198.]

1. RAPE. *Statutory rape: Chastity. Presumption.*
   Under Law 1914, chapter 171, section 1, which makes it a criminal offense for any male person to have carnal knowledge of any unmarried female person of previously chaste character younger than himself, and over twelve and under eighteen years of age, the fact that the girl, previous to the act of intercourse relied on for conviction, had had intercourse with accused or another person, was a valid defense, since, in such case the prosecutrix at the time relied upon for conviction was not of chaste character.

2. RAPE. *Statutory rape. Presumptions.*
   The presumption of female chastity declared by Law 1914, chapter 171, is rebutted by the positive and practically uncontradicted statement of the prosecutrix in a statutory rape case, that she had indulged in sexual intercourse previous to the occasion which gave rise to the prosecution.

APPEAL from the circuit court of Jones county.
HON. P. B. JOHNSON, Judge.

Bud Rodgers was convicted of crime and appeals. The facts are fully stated in the opinion of the court.

*Gavin & Garner,* for appellant.

*Ross A. Collins,* Attorney-General, for the State.

Holden, J., delivered the opinion of the court.

Bud Rodgers was convicted in the circuit court of the Second district of Jones county, upon an indictment charging that he "then and there being a male person over the age of twenty-one years, did willfully, knowingly, and feloniously have carnal knowledge of, by having sexual intercourse with, Miss Allie A. Valentine, an unmarried female person of previous chaste character and younger than he, and over twelve years and under eighteen years of age, against the peace." etc., and appeals here, assigning and urging two grounds for reversal, viz.: First, that the proof introduced by the state showed affirmatively that the female was not of previous chaste character; and, second, that the testimony of the female established the fact that she was unchaste in character prior to the sexual intercourse charged in the indictment. The indictment is based on chapter 171, Acts of 1914, which reads as follows:

Section 1. Be it enacted by the legislature of the state of Mississippi, that any male person who shall have carnal knowledge of any unmarried female person of previously chaste character younger than himself, and over twelve and under eighteen years of age, upon conviction, shall be punished either by a fine not exceeding five hundred dollars, or by imprisonment in the county jail not longer than six months, or by both such fine and imprisonment or by imprisonment in the penitentiary not exceeding five years; and such punishment, within said limitation, shall be fixed by the jury trying each case.

Sec. 2. In the trial of all cases under section 1, of this act, it shall be presumed that the female was previously of chaste character, and the burden shall be upon the defendant to show that she was not; but no person shall be convicted upon the uncorroborated testimony of the injured female.

The testimony introduced by the state at the trial showed, in substance, the following facts: Bud Rodgers, a man twenty-five years of age, persuaded and induced to go with him Allie Valentine, a girl sixteen years old, from the latter's home in Jasper county, afoot, into the Second district of Jones county, a distance of about eighteen miles; that on this trip, while the appellant and the girl were traveling together, the state's witness, Melvin Rodgers, testified that he saw the appellant and the girl engaged in sexual intercourse as they lay by the side of the road, ostensibly to rest. That this intercourse by the parties took place in Jasper county, while they were en route to Jones county. That after the parties arrived in Jones county, several weeks afterwards, they were seen sleeping and living together, and indulging in sexual intercourse with each other.

It appears from this record that this sexual intercourse between the parties in Jones county was the basis of the indictment in this case. When the state rested its case, the defendant, in the lower court, moved the court for his discharge, urging as a reason therefor that the state's evidence had shown affirmatively and conclusively that at the time the defendant had sexual intercourse with the girl, in Jones county, for which he was indicted, she was not then and there of previous chaste character, as the testimony showed that she had had intercourse with appellant in Jasper county a few days prior, when the parties were traveling on their way from and through Jasper county to Jones county. This motion was overruled by the court. The defendant then introduced his testimony, denying the charge in all particulars. Among the witnesses introduced by him was the girl, Allie Valentine, who testified in a straightforward and reasonable manner that she had had intercourse previously with the appellant, Bud Rodgers, in Jasper county; and that, not only had she had prior intercourse with Bud Rodgers,

but that she had had prior intercourse with as many as four other men, running back in time about two years, when she was fourteen and fifteen years of age. She very distinctly named the different places, dates, and circumstances of the acts of intercourse which she had with these other men; and she gave the names of each one of them that had copulated with her in the two years prior to the time of the intercourse with the appellant, Bud Rodgers. The state attempted by cross-examination to weaken and impeach her testimony, but we do not think the able prosecutor made much headway in this regard.

With this state of facts before us, we hardly deem it necessary to discuss the case at any great length, because it must be obvious to all that under the statute, chatper 171, Acts of 1914, the conviction cannot stand.

The state showed by its evidence that the girl was not of previous chaste character at the time she had the intercourse with the appellant as charged in the indictment, and the testimony is positive and conclusive that she was unchaste, on account of having had prior intercourse in Jasper county. Counsel for the state suggests, but does not contend, that possibly the fact that, the prior intercourse in Jasper county being with the appellant, Bud Rodgers, he should be estopped from now taking advantage of his own wrong. Such a view cannot be upheld when considering a statutory criminal law; in fact, this very question has been decided in the case of *State of Washington* v. *Adolf Dacke,* 59 Wash. 238, 109 Pac. 1050, 30 L. R. A. (N. S.) 173, which holds that it makes no difference who the man was that had the prior intercourse with the female, the fact of prior sexual intercourse with any male person is sufficient to destroy the chastity. This decision cites a large number of authorities sustaining this view, which convinces us that the law on that subject is well settled in the United States. These decisions hold that, where there has been prior sexual

intercourse of the female, even though it was with the defendant subsequently charged with her rape, this prior sexual intercourse destroys the chastity of the female; and, there being no chastity left, the crime charged under ·the statute here cannot be sustained. And we adopt that conclusion as the law in this case. The girl, alleged to have been wronged by the appellant in this case, took the stand and testified positively— and her story in this record seems to be reasonable— that she had lost her chaste character long before the appellant had sexual intercourse with her. She gave the names of the different men, the times, and places at which she had had intercourse with these men, as far back as the time when she was fourteen years of age. She even testified that the state witness in this case, Melvin Rodgers, had had sexual intercourse with her prior to the time when she had intercourse with the appellant.

The testimony of this girl was substantially undisputed, and, from a careful reading of the record, we can see no good reason why her testimony should have been arbitrarily disregarded by the court and the jury. Surely, under the law, if the female, for whose protection the law was enacted, establishes the fact, by her own testimony under oath, that she was unchaste prior to the time when the defendant is charged with having had sexual intercourse with her, and this testimony is not materially and substantially contradicted, we think that it is sufficiently conclusive as to that fact to overcome the presumption of chastity under the statute; and the conviction of a man upon this charge, in the face of such testimony, cannot be allowed to stand in a court of law.

For the reasons mentioned above, we are forced to the conclusion that the conviction of the appellant in the lower court was error, and that the judgment should be reversed and the appellant discharged.

*Reversed, and appellant discharged.*