[No. 4233.   Decided September 17, 1902.]

THE STATE OF WASHINGTON, *Respondent*, v. CHARLIE ANDERSON, *Appellant*.

HOMICIDE — INFORMATION — DESCRIPTION OF WEAPON — VARIANCE.

Proof that a murder was committed with a cigar cutter, under an information charging the killing as done "with an iron instrument," does not constitute a variance, when the cigar cutter was an iron instrument.

SAME.

An information charging defendant with killing another "with an iron instrument, then and there a deadly weapon," though general in its description of the weapon, is good against an objection made after verdict.

SAME — TIME OF COMMISSION OF OFFENSE.

It is not a fatal variance to fail to prove that the crime was committed on the particular day alleged in the information, but, under Bal. Code, § 6845, it is sufficient if it be proved to have been committed within the time in which an action may be commenced on account thereof.

SAME — EVIDENCE.

In a prosecution for murder, it was not error to refuse to permit a witness to state what he understood was meant by a remark made by the deceased just before the altercation in which he was killed, inasmuch as the understanding of the witness as to its import was immaterial.

REQUESTED INSTRUCTIONS — HARMLESS ERROR.

A judge is not required to give requested instructions in the language of the party requesting them, however pertinent such language may be, but may instruct upon such points in his own language.

Appeal from Superior Court, King County.—Hon. ARTHUR E. GRIFFIN, Judge. Affirmed.

*John F. Dore* and *James J. McCafferty,* for appellant.

*Walter S. Fulton,* Prosecuting Attorney, and *Vince H. Faben,* for the State.

The opinion of the court was delivered by

FULLERTON, J.—The appellant was informed against for murder in the second degree, convicted of manslaughter, and sentenced to imprisonment in the penitentiary for a term of ten years. From the judgment of conviction, he appeals.

The charge in the information is that the appellant "did kill and murder one John Elms with an iron instrument, then and there a deadly weapon, which," etc. The proof was that the instrument used was a cigar cutter. It is said that there is such a variance between the pleadings and proof as to require a reversal. We do not think so. The instrument itself was introduced in evidence, and was before the jury. An inspection of it certainly shows it to be an iron instrument, and whether or not it was a deadly weapon depended upon the manner in which it was used. This latter was a question for the jury, to be determined from all the facts and circumstances of the case, and was properly submitted to them by the court in its instructions. The description of the instrument in the information, while general, is good against an objection

made after verdict.    2 Bishop, New Criminal Procedure, § 64, subd. 2.

It was alleged in the information that the assault was made and that the death therefrom occurred on the 12th day of May, 1901.  The evidence disclosed that the assault was made on the 11th of May, 1901, and that the death occurred on the 14th of May following.   The appellant argues that he had a right, under the constitution and laws of the state, to prepare a defense that would result in his vindication and acquittal, and that he did this when he was able to show and did show that the deceased was alive after the day on which he was alleged to have been killed, and that the court erred in refusing to direct a verdict of acquittal when this fact was made to appear.  But the gravamen of the charge of murder in the second degree is that the accused purposely and maliciously killed another, not that he killed him on any particular day.  The allegation of time in an information is usually material only in so far as the statute of limitations is concerned; hence it is generally held, even in the absence of a statute on the subject, that it is not a fatal variance to fail to prove that the crime was committed on the particular day alleged in the information, but that it is sufficient to prove it to have been committed within the time in which an action may be commenced therefor.   In this state this is made the rule by statute.    Bal. Code, § 6845.   We find no merit in this objection.

A witness for the appellant, while testifying to the occurrences immediately preceding the time the deceased was struck with the cigar cutter, testified in part as follows:    "Well, I was standing up there drinking a glass of beer when them three fellows came in—Fred Anderson and Charlie Anderson and Johnson—and Johnson asked for a glass of beer, and Johnnie Elms says, 'Have you got

any money ?' and Johnson said, 'No'; 'Well,' he says, 'No money, no beer'; said, 'Clubs is trumps in this house'." Further on he was asked, "What did you understand him to mean when he said to Charlie Anderson, 'Clubs are trumps here' ?"  To this question an objection was interposed and sustained, and the ruling assigned as error. The appellant argues that this expression was susceptible of more than one meaning, and that it was competent for him to show what the appellant, the deceased, and others present understood it to mean when used by the deceased. Doubtless this is the general rule, and, had the question been more directly upon the point, it might have been reversible error to have excluded it,—a question, however, not necessary to be determined here.  But the question was directed to the witness' understanding, not to the understanding of the person by whom it was used or to whom it was directed.  What the witness understood it to mean was not material.  The inference that the others might have understood it in the same way was, to say the least, very remote, and we fail to see how an answer to the question could have in any way aided the jury.

The remaining exceptions go to the refusal of the court to give certain requested instructions.  An inspection of the general charge of the court, however, shows that all that was material in the requested instructions was covered by the general charge.  This was sufficient.  Under the rule in this state, a judge is not required to give a requested instruction in the language of the party requesting it, however pertinent such language may be, but may instruct upon the requested points in his own language; and, if he sufficiently covers the points included within the requested instructions, error cannot be predicated thereon.  *State v. Murphy,* 13 Wash. 229 (43 Pac. 44); *State*

*v. Cushing,* 17 Wash. 544 (50 Pac. 512); *State v. Klein,* 19 Wash. 368 (53 Pac. 364).

The judgment is affirmed.

REAVIS, C. J., and DUNBAR, HADLEY, WHITE, ANDERS and MOUNT, JJ., concur.