(No. 5593. Decided August 9, 1905.)

THE STATE OF WASHINGTON, *Respondent,* v. R. H. OSBORNE, *Appellant.*[1]

CRIMINAL LAW—INFORMATION—CERTAINTY—DATE OF OFFENSE—VARIANCE—RAPE. Under an information charging the commission of rape on a certain day, it is not a variance to prove that it occurred on a Sunday, one or two weeks prior thereto, the allegation as to time being immaterial except to fix a date within the period of the limitation of the statute; and such an information is not uncertain as to the crime charged.

SAME—UNCERTAINTY AS TO DATE—SEVERAL OFFENSES—ELECTION. Under an information charging the commission of a rape on a certain day, no prejudice results from the fact that the evidence of the prosecuting witness showed a series of acts prior to the day named, each constituting the offense, but none on that day, when the prosecuting attorney was required to make an election as to which of the acts he would rely upon for a conviction, and the jury were instructed to acquit unless the accused was found to be guilty of such act.

Appeal from a judgment of the superior court for Walla Walla county, Brents, J., entered October 28, 1904, upon a trial and conviction of the crime of rape. Affirmed.

*Oscar Cain,* for appellant.

*Lester S. Wilson,* for respondent.

FULLERTON, J.—On October 11, 1904, the appellant was informed against for the crime of rape, alleged to have been committed on October 10, 1904, on the person of a female child of the age of thirteen years. On arraignment he pleaded not guilty, and, in the due course of procedure, was put upon his trial.

The evidence on the part of the state tended to show that the appellant commenced criminal relations with the girl some three months prior to the time the information was filed against him, and that these were continued down

1 Reported in 81 Pac. 1096.

to the time of his arrest. The evidence of the specific acts rested on the testimony of the girl herself, and she could not fix, definitely, the dates of their occurrences, but she testified to several attempts, made at the beginning of their relationship, from four days to two weeks apart, resulting finally in consummated acts of sexual intercourse, occurring at like periods, the last of which occurred on a Sunday, a week or two weeks prior to the date laid in the information. The first of these acts took place in the back part of the store of the appellant, in the city of Walla Walla, and the later ones, near the suburbs of that city, at a place known as McGallon's grove. The witness testified that no consummated act of sexual intercourse took place between them, at the time named in the information, namely, October 10, 1904. She testified that she had met the appellant at the grove for that purpose on that day, and that they were about to consummate the act, when they were interrupted by a person who immediately caused the arrest of the appellant, and her own detention.

On the trial, when these facts appeared, the appellant moved that the jury be instructed to return a verdict of not guilty, stating as grounds for the motion, "that the evidence in this case shows that, upon the day charged in the information, the defendant did not commit the crime of rape, and that the acts proved there do not constitute attempted rape." The court declined to direct a verdict as requested, but, on its own motion, directed the prosecution to elect upon which of the several acts the evidence tended to prove, he would rely for a conviction. The prosecuting attorney thereupon elected to rely upon an act testified to by the girl as occurring on a Sunday, at McGallon's grove, the week before, or two weeks before, the time laid in the information.

The appellant thereupon put in his defense, and the cause was submitted to the jury, under instructions from the court to find the appellant not guilty, unless the evidence satisfied

their minds, beyond a reasonable doubt, that the appellant had carnal knowledge of the prosecuting witness at the time testified to by her on Sunday, at McGallon's grove, one or two weeks prior to the time laid in the information. A verdict of guilty was returned by the jury, and sentence pronounced thereon. The appellant excepted to the ruling of the court refusing to direct a verdict in his favor, and assigns such refusal as error on this appeal.

The appellant contends that the information charges a rape committed on October 10, 1904, and that, when the state failed to prove a rape committed on that day, it failed in its proofs, and the appellant was entitled to an instruction directing a verdict of not guilty. He argues that, under the statute, as well as under the general principles of criminal law, the information must be direct and certain as to the crime charged, and the particular circumstances of the crime charged, and that, unless the date on which the offense is alleged to have been committed is held to be a material allegation, the information is not direct and certain in these respects, and the result is that the state is left to prove a series of acts, and, after its evidence is all in, select therefrom that one on which it deems its proof the strongest, or the defendant the least prepared to defend against; and he presents some supposed cases as examples where serious miscarriages of justice might result from such a practice.

But aside from the fact that the dangers to innocent defendants, from the practice followed by the court in this instance, are more fanciful than real, inasmuch as it is always in the power of the court to protect the defendant from surprises, or against everything looking towards sharp practice on the part of the officer of the state, we think the statute authorizes the practice. It is expressly provided therein that the precise time at which the crime was committed need not be stated in the indictment or information, but a general allegation that it was committed before the finding of the indictment, or the filing of the informa-

tion, and within the time in which an action may be commenced therefor, is sufficient. Bal. Code, § 6845. In construing this section of the statute, this court has heretofore given it this meaning. In *State v. Wilson*, 9 Wash. 16, 36 Pac. 967, we held that an instruction in a case where the defendant was being tried for conducting a gambling game, to the effect that it was not necessary that the jury should find that the offense was committed on the day named in the information, but that it was sufficient if they found that it was committed on a day certain, within one year next preceding the filing of the information, correctly stated the law of the case. And, in *State v. Anderson*, 30 Wash. 14, 70 Pac. 104, we held that it was not a variance, under an allegation that the assault and death occurred on the 12th day of May, 1901, to prove that the assault occurred on the 11th, and the death on the 14th, of the same month.

This statute and these cases lay down the rule that the allegation of time, in an indictment or information, is immaterial other than it must be shown on the face of the one or the other, as the case may be, that the right to prosecute for the crime charged is not barred by the statute of limitations. Hence it is clear that the information filed in this case was sufficient, in form and substance, to admit proofs of, and sustain a conviction for, a rape committed by the appellant upon the prosecuting witness at any time within three years next preceding its filing. It is clear also that, were there no evidence of rape other than that of the time on which the prosecuting attorney elected to rely, there could be no question as to the sufficiency of the evidence to sustain a conviction.

If, then, the information or the evidence has been rendered insufficient to sustain a conviction, entitling the appellant to an instructed verdict in his favor, it is because other acts of rape, committed by him upon the prosecuting witness within the period of time covered by the information, have

been shown. But can this evidence have such an effect? We think it cannot. Proof that a defendant has committed two or more similar crimes, to which an information filed against him might relate, cannot render an information, otherwise sufficient, insufficient to maintain a conviction of any one of such crimes. Nor can proofs that two distinct crimes have been committed render the proofs insufficient to sustain a conviction for either of such crimes. The only effect such proofs can have is to render it uncertain as to which of the several crimes proven the information was intended to relate, and, when this is ascertained, the information and proofs become as certain as they do where evidence of only one crime is offered. The proper way to make this ascertainment is to require the prosecution to elect. Such was the procedure in the case at bar, and we hold it regular.

We note the contention of the appellant that the conviction in this case cannot be sustained unless the court overrules the case of *State v. Fetterly*, 33 Wash. 599, 74 Pac. 810, but this contention is so apparently unfounded as not to merit serious reply.

The judgment is affirmed.

MOUNT, C. J., RUDKIN, CROW, and ROOT, JJ., concur.