[No. 20434.  Department Two.  March 3, 1927.]

THE STATE OF WASHINGTON, *Respondent*, v. FRANK
BOWEN, *Appellant*.[1]

[1] INDICTMENT AND INFORMATION (99)—INTOXICATING LIQUORS—
(30, 50)—EVIDENCE—VARIANCE—POSSESSION. Upon a charge of
the unlawful possession of a certain six gallons of intoxicating
liquor on March 16, 1926, it is a fatal variance or failure of
proof to prove the possession of other liquor three weeks previ-
ously.

Appeal from a judgment of the superior court for
Snohomish county, Bell, J., entered July 14, 1926, upon
a trial and conviction of the unlawful possession of
intoxicating liquor. Reversed.

*Joseph H. Smith*, for appellant.

*C. T. Roscoe* and *Charles R. Denney*, for respondent.

ASKREN, J.—The defendant Bowen was charged with
possession on March 16, 1926, of six gallons of moon-
shine whiskey, with intent to sell the same. Upon the
trial, the state's evidence disclosed that, on that date,
the home of his wife and children was raided and
approximately this amount of liquor was taken by the
officers. The testimony showed, however, that more
than a week prior thereto the defendant had been
chased away from home by his wife and did not actually
live there thereafter.

In this situation, the state sought to show that the
liquor was his by placing on the witness stand a Mrs.
McKee, who testified that, two or three weeks prior to
the raid, she had been at the home of the defendant and
he went upstairs with a small empty flask and when he
came back down he had a small quantity of liquor in it,
which looked much like that taken in the raid.

[1]Reported in 253 Pac. 793.

At the conclusion of the state's case, the trial court held that there was no evidence to establish the fact that the six gallons of liquor belonged to, or was in the possession, actual or constructive, of the defendant. The court held, however, that the testimony of the witness McKee was sufficient to establish a charge of possession of liquor at the time testified to by her, and, over the objection of the defendant, submitted that question to the jury.

The jury returned a verdict of guilty, and this appeal followed.

[1] Appellant has urged that the court erred in changing the charge from that of possession with intent to sell, on or about March 16, 1926, of six gallons, to a charge of possession of other liquor, some three weeks prior thereto. This contention must be upheld. It is not necessary that the state prove the exact amount of liquor charged, nor that the date be identical with that contained in the information, but there must be a proving at some time within the limitation of the statute of the possession of the identical liquor referred to in the information.

We are not here concerned with whether the court erred to the prejudice of the state, in holding that there was not sufficient evidence to justify submitting to the jury the question of possession by the appellant of the six gallons of whiskey on the date charged, March 16, or on the previous date as testified to by the witness McKee. The court expressly took from the jury the charge of posession of the six gallons of liquor and submitted the question of an entirely different charge.

The state has argued that the court submitted the same offense, to wit: the possession of intoxicating liquor, but such a contention leaves out of consideration the identity of the offense itself. It will be seen that in

this case the state proved the possession, in some one, of the six gallons of liquor on March 16, the identical charge in the information, but was unable to prove that the defendant was the one who had it in possession. This is a failure of proof. The state cannot then prove that at a different time, under a different set of facts the defendant committed another offense, even though it be the same character of offense with which he is charged. An illustration will perhaps make the point clearer. Let us suppose that a defendant is charged with driving an automobile while drunk on January 1. The state proves that on that date the defendant was operating his automobile in such a way that the state concludes shows his intoxication. If the court rules that there is no evidence of intoxication, may the state then proceed to show that three weeks prior thereto he operated his automobile while drunk, and convict him therefor? It seems plain that this cannot be done.

Judgment reversed.

MACKINTOSH, C. J., TOLMAN, BRIDGES, and PARKER, JJ., concur.