[No. 26233.   Department One.   November 24, 1936.]

THE STATE OF WASHINGTON, *Respondent*, v. S. H. ODELL, *Appellant*.[1]

*Henry Clay Agnew*, for appellant.

*Warren G. Magnuson* and *John M. Schermer*, for respondent.

GERAGHTY, J.—The appellant, a police officer of the city of Seattle, was charged by information in five counts with the commission of five burglaries in that city. He was found guilty by the verdict of a jury on counts II and III and acquitted on the other three. The court imposed a sentence of fifteen years in the state penitentiary for each of the two counts, the sentences to run concurrently.

[1]Reported in 62 P. (2d) 711.

The first error assigned is the insufficiency of the evidence to sustain a conviction upon count II, which charged that the appellant, with three others named as co-defendants, on or about the twenty-seventh day of May, 1935, with intent to commit a crime therein, broke and entered the building of the Greene-Winkler Company at 2401 Fifth avenue, Seattle. In support of the charge, the state's testimony may be summarized as follows:

J. D. Greene, an officer of the Greene-Winkler Company, testified that, approximately on or about the twenty-seventh day of May, 1935, two or three burglaries had been committed upon his company's premises; that certain articles of merchandise, including a toasting machine, were found missing from the sample floor; that certain marks on the back door would indicate how the place was entered, but he could not describe it because he did not see it; that he afterwards saw the missing property at the police station in Seattle. Cross-examined by appellant's attorney, he answered:

"Q. You say that your place was burglarized at or around this time several times? A. That is what they told me up there, yes, sir. My business is on the outside. I work on the outside most of the time and when I get down in the morning we get reports from the different employees as to what is going on. Q. Are you able to tell us what was taken at each of the burglaries? A. No, sir, I am not. Q. You have just named some articles which were taken at one burglary or the other? A. That is right. Q. And also you are not able to tell the dates of the various burglaries that were committed there? A. I could, by checking up, yes, sir. Q. But at this time you are not able to? A. No, sir. Q. But around May 27th there was more than one burglary? A. That is the report that I got, yes, sir."

Charles Marchand, named as co-defendant in the information, called by the state as a witness, testified:

"Q. Calling your attention to count 2, the alleged burglary of the Green-Winkler Company, 2401 Fifth avenue, were you there? A. Yes, sir. Q. Who else was there with you? A. Mr. Odell and Mr. Voltz. Q. Was Mr. Odell in uniform? A. Yes, sir, and Mr. McWade. Q. That is the officer who is now dead? A. Yes, sir. Q. Do you remember what was taken there? A. Well, I know that there were three pressure cookers taken from there and one toaster—an electric toaster. Q. Did you see who got that toaster? A. I did not. Q. Do you know of anything else that was taken? A. No, I don't."

On cross-examination:

"Q. How many times did you burglarize Green-Winkler? A. I was in there twice. Q. About how far apart? A. That I cannot say. I can give you the approximate dates. Q. Would they be a month apart? A. No. I would say that it would be closer to four months. Q. About four months apart the Green-Winkler place was burglarized? A. Yes, sir. Q. And on one of the occasions McWade was there, you say? A. Yes, sir. Q. Do you think that on one of the occasions Odell was there? A. Yes, sir. Q. Do you know on which occasion Odell was there? A. I cannot say as to that."

Walter Dench, an inspector of police, testified that, after arrest, the appellant, with Marchand and Voltz, named in the indictment as co-defendants, was taken to the office of the prosecuting attorney for questioning. As to this examination, he testified:

". . . What I remember of Mr. Odell's statement was taken down by a stenographer and was in substance as follows:

"Q. All right. Now, Odell, what times were you with these gentlemen? A. At the Belltown Furniture. Q. Who was there on that occasion? A. Well, I wouldn't say. Q. Voltz, Marchand and yourself? A. Yes . . . Q. How did you make an entrance? A.

The door was unlocked. Q. Did you go in? A. Yes. Q. Did you take anything? A. No. Q. Why not? A. We took some stuff out, but didn't get it away. Q. What? A. A mattress. Q. Do you recall anything else? A. No. Q. Do you recall Voltz taking anything? A. He might have. I don't know. . . . Q. Did you take it home? A. No, to the back yard is all. Q. What happened? A. The watchman caught us. Q. Did you drop the stuff? A. Yes. Q. What did you tell the watchman? A. We told him we were officers. . . . Q. On what other occasion were you out on these jobs? A. I don't recall any other. . . . Q. Do you recall any other time of being on these jobs? A. No. . . . Q. What about Greene-Winkler, know where that is? A. Yes. Q. Have you been there? A. Once. Q. Who was with you? A. Voltz. Q. Who else, Marchand? A. Yes. Q. What did you do in there? A. Got a toaster. Q. What did you do with it? A. I gave it away.''

The appellant, testifying in his own behalf, said that he had gone out to investigate burglaries in 1935 for the purpose of securing evidence to be turned in for a grand jury investigation; that he went out on three burglaries, one at the Greene-Winkler Company, involved in the second count, one at the Belltown Furniture Company, involved in count III, and one at another store not involved here; that he was told to go to these burglaries by William Feek, a patrolman detailed to the prosecuting attorney's office, to whom he reported what he had done; that, when he went to the Greene-Winkler Company, he took a toaster and gave it to another police officer before he left the building; that his purpose was to catch ''the higher-ups,'' although he said he did not know who they were; he did not remember the date he was at the Greene-Winkler building. Patrolman Feek denied that the appellant had ever reported any burglary to him.

The appellant seems to concede that the evi-

dence against him would be sufficient to sustain the verdict but for the fact that the testimony developed that there had been one or two other burglaries committed at the Greene-Winkler building about the same time; that is to say, if there had been only one burglary, the exact date of its commission would be more or less immaterial. He contends, however, that, under the circumstances here, the date became material.

We think this contention is without merit. In the first place, the evidence discloses that the appellant was present at only one of the burglaries said to have taken place at the Greene-Winkler store. The burglary is charged to have been committed on or about May 27, 1935. Under Rem. Rev. Stat., § 2060 [P. C. § 9273], the precise time at which the crime was committed need not be stated in the information, but it is sufficient if the crime be alleged to have been committed at a time before the filing of the information and within the time in which a prosecution may be commenced therefor, except in cases where the time is a material ingredient of the crime. The time is not a material ingredient here.

"In this state, it is provided by statute that the precise time at which a crime was committed need not be stated in an information, but it may be alleged to have been committed at any time prior to the filing of the information and within the statute of limitations. Since time is not a material allegation, proof is competent when within the latitude of the statute, even though the information may purport to fix the precise time and even though the proofs may show that the actual time of the commission of the offense was later than the time fixed. *State v. Williams,* 13 Wash. 335, 43 Pac. 15; *State v. Anderson,* 30 Wash. 14, 70 Pac. 104; *State v. Osborne,* 39 Wash. 548, 81 Pac. 1096. There are, of course, exceptions to this rule. These, however, have no pertinency here and need not be pointed out." *State v. McCaskey,* 97 Wash. 401, 166 Pac. 1163.

It would be stretching technical rules to an absurd length to hold that, because in the course of the trial it developed that other burglaries had taken place about the time charged in the indictment, the one proved against the appellant should go unpunished.

The second error assigned relates to the amendment of count III, which charged that, on or about May 22, 1935, the appellant, with intent to commit a crime therein, broke and entered the building of the Belltown Furniture Company, at 2109 First avenue, Seattle.

When the case was called for trial and after the state's first witness had answered a few preliminary questions, the prosecuting attorney stated to the court that, in preparing the information, an error had occurred as to the date of the burglary in count III, and moved for leave to amend the information to have it charge the commission of the burglary on or about August 15, 1935, instead of May 22. The appellant's counsel objected to this amendment, saying that he understood there was a burglary of the Belltown Furniture Company on May 22nd, being the burglary with which the appellant was charged. The court having granted the motion to amend, appellant's attorney asked that the trial as to the whole information be continued for a period of not less than two weeks.

In denying this motion, the court suggested that the state introduce evidence upon count III after all the evidence on the other counts, if not incompatible with the plans of the state, for the purpose of giving the defendant more opportunity to defend with reference to count III as amended. On the following morning, the appellant requested permission to put a witness on the stand out of order in support of a motion he intended to make that the court vacate its order allowing the amendment of count III. He offered to prove by the

proprietor of Belltown Furniture Company that his place of business had been entered and burglarized on two occasions, the first on May 22nd and the last on August 15, 1935. The offer of proof and the motion to vacate were denied. Motions for a directed verdict on this count, made at the close of the state's case and at the close of all the evidence, were denied.

The evidence tended to prove that the appellant participated in a burglary at the Belltown Furniture Company, but appellant urges that, since there were two burglaries of this building, each identified as having taken place on or about a definite date, time became a material ingredient in the crime, and that the amendment of count III was, in effect, the filing of a new information.

The prosecuting attorney's motion for amendment of the information implied, of course, that the only burglary chargeable to the appellant was the one committed on the 15th of August. As to proof of the time of the commission of the crime, the question raised as to count III differs but little from count II. The prosecuting attorney, however, probably because the precise date of the burglary became known to him, requested permission to amend by substituting the later date.

In *State v. Gottfreedson*, 24 Wash. 398, 64 Pac. 523, the information charged the crime of horse stealing as having been committed ''on the — day of —, 1899, and within three years next before the filing of this information.'' This court, in sustaining an order of the trial court overruling a demurrer to the information for lack of a sufficient date, said:

''We think the information is sufficient if the time is alleged at any time within the statute of limitations. The insertion of a definite date, however, or a date as definite as could be ascertained by the pleader, would

be a better practice and would accord fairer treatment to the defendant.''

In the present case, the prosecuting attorney, on discovering the definite date of the alleged burglary, asked permission to amend the information, thereby conforming to the better practice suggested by the court in the above cited case.

Whether or not appellant's request for a continuance should have been granted upon the amendment of the information, rested in the sound discretion of the trial court, under the circumstances. We are of the opinion that this discretion was not abused. The appellant was not prejudiced by the amendment. He admitted entering the Belltown Furniture Company store, although testifying that he did so under directions of the investigator from the prosecutor's office, an explanation which the jury evidently did not believe. The Belltown Furniture Company burglary could have been proven as of the 15th day of August, 1935, under the information as originally filed, because, as we have seen, under Rem. Rev. Stat., § 2060 [P. C. § 9273], the date was not a material ingredient in the, offense, and the fact that one date was given in the information and the proof showed another would not be fatal.

The case of *State v. Bowen,* 142 Wash. 483, 253 Pac. 793, cited by appellant in support of his position, is not in point. In that case, arising under the prohibition act, the court said:

''Appellant has urged that the court erred in changing the charge from that of possession with intent to sell, on or about March 16, 1926, of six gallons, to a charge of possession of *other liquor,* some three weeks prior thereto. This contention must be upheld. It is not necessary that the state prove the exact amount of liquor charged, nor that the date be identical with that contained in the information, but there must be a prov-

ing at some time within the limitation of the statute of the possession of the *identical* liquor referred to in the information." (Italics ours.)

There, it was attempted to sustain a conviction for one crime by proof of another. Here, in so far as the appellant is concerned, one crime only is charged, a single burglary at the Belltown Furniture store. The date of its commission, if within the statutory time, was not material.

What we have said disposes of a third error assigned, based upon an alleged erroneous instruction.

The judgment is affirmed.

MILLARD, C. J., MAIN, STEINERT, and BLAKE, JJ., concur.