IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 34806-7-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| PHILLIP NOLAN LESTER, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

KORSMO, J. — Phillip Lester appeals from convictions for first degree child rape and first degree child molestation, raising confrontation and evidentiary sufficiency arguments. Since the State concedes the confrontation claim and because the sufficiency of the evidence claim is without merit, we reverse the convictions and remand for a new trial.

Little need be said about the facts or procedural history of the case, all of which are well known to the parties. The young victim, four at the time of the offenses, disclosed that Mr. Lester had assaulted her; she later was subject to a forensic interview about the event. The child was deemed unavailable for testimony at trial in accordance

with the procedures set forth in the child hearsay statute, RCW 9A.44.120. The interview was admitted at trial despite the fact that the child did not testify. The State now believes that admission of the interview was erroneous in light of *Crawford v. Washington*, 541 U.S. 36, 124 S. Ct. 1354, 158 L. Ed. 2d 177 (2004), and its progeny. For purposes of this appeal, we accept that concession and reverse the convictions.

Mr. Lester, however, argues that the evidence was insufficient to support the jury's finding that the events occurred during December 2014, and urges that the charges be dismissed for that reason. *See, e.g.*, *State v. Green*, 94 Wn.2d 216, 221-222, 616 P.2d 628 (1980), and *State v. Hickman*, 135 Wn.2d 97, 954 P.2d 900 (1998). However, there was ample evidence that the offenses occurred during the period indicated in the jury instruction.[1]

Here, the victim's statement indicated that the offense occurred after Christmas and the evidence showed that she disclosed the abuse to her mother on December 31, 2014. By itself, this evidence clearly showed that the offense occurred during the December 1–January 1 period stated in the jury instruction. Evidence also established that while the defendant's girlfriend babysat the child in her home during the month of

---

[1] Whether the *Hickman* law of the case doctrine conflicts with case law indicating that the "on or about" language used in charging documents and jury instructions creates a broader proof period presents an issue we need not address. *See, e.g.*, *State v. Osborne*, 39 Wash. 548, 81 P. 1096 (1905); *State* v. *Hayes*, 81 Wn. App. 425, 432 n.12, 914 P.2d 788 (1996) (citing cases).

No. 34806-7-III
*State v. Lester*

December 2014, the child and her mother did not return to the home after Christmas 2014.[2]

The jury had ample evidence to determine that the offense occurred during December 2014. The evidence was sufficient to support the jury's verdict.

Reversed and remanded.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Korsmo, J.

WE CONCUR:

Lawrence-Berrey, C.J.

Pennell, J.

_____

[2] It was alleged that Mr. Lester only had access to the child when she was present in his girlfriend's home. Any conflict in testimony concerning the last day of access does not present a sufficiency problem. *See State v. Camarillo*, 115 Wn.2d 60, 71, 794 P.2d 850 (1990).