[No. 8714.    Department One.    June 30, 1910.]

## THE STATE OF WASHINGTON, *Respondent*, v. ADOLPH DACKE, *Appellant*.[1]

RAPE—STATUTES—"PREVIOUS CHASTE CHARACTER"—DEFENSES. Under Rem. & Bal. Code, § 2436, making it rape to carnally know a female child between the ages of fifteen and eighteen years and of "previous chaste character," there can be no conviction for an offense committed on a certain date where for months prior thereto the parties had continued sexual relations, without any intervening reformation; and it is immaterial that the prosecutrix was chaste except as to the defendant, "previous chaste character" meaning sexual purity.

Appeal from a judgment of the superior court for Kittitas county, Kauffman, J., entered October 5, 1909, upon a trial and conviction of the crime of rape. Reversed.

[1]Reported in 109 Pac. 1050.

*Pruyn, Streff & Hoeffler,* for appellant.

*E. K. Brown* and *O. O. Felkner,* for respondent.

MORRIS, J.—Appellant was convicted of the crime of rape, and appeals from the judgment entered. A number of errors are assigned, but we will refer to only one, which, in our opinion, is decisive of the appeal. The criminal code of 1909 amended the law relating to rape, among other changes making it a crime to carnally know a female child between the ages of fifteen and eighteen years and of previous chaste character. Rem. & Bal. Code, § 2436. Appellant was informed against under this new section, the charge being laid in Kittitas county, and the time as June 30, 1909. The state's evidence discloses that prosecutrix, who was then seventeen years old, and the appellant first became acquainted in Snohomish county, some time in October, 1908; that in the following November they began having sexual relations, with the full consent of prosecutrix, and that these relations were indulged in whenever opportunity afforded, until the following March, when prosecutrix with her family moved to Kittitas county. In May appellant went to Kittitas county and renewed his acquaintance with prosecutrix, and they again assumed their sexual relations until July 8, when appellant was arrested and charged with an offense occurring on June 30. At the close of the state's case, the prosecutrix having testified to these facts, concerning her relations with appellant, his counsel moved for a directed verdict of acquittal, which being denied, he excepted, and now alleges error in the court so ruling.

In construing the statute involved in this information, every requirement must be given effect as constituting an essential element in the offense created. The requirement that the female against whom the offense is committed shall be of "previously chaste character" was unknown to the common law, nor was it an ingredient of any statute of this state defining rape, until the act of 1909. When, therefore, that

act went into effect on the 8th day of June, 1909, it brought within its protecting terms a theretofore—so far as this crime is concerned—unknown requirement, that of previous chastity. The carnal knowledge of a female child between the ages of fifteen and eighteen years with her consent, under the old law, constituted rape; but under this act of 1909, under which this information lies, such carnal knowledge is not a crime unless the female child be of "previously chaste character." The act includes within its terms one female child and one male, and since the male person cannot commit the offense described in the statute except upon the female child described in the statute, it follows that, as to the male person charged with the crime, the female child must be. "of previously chaste character"; not alone as to some other man, nor only as to all other men, but to the particular man named in the information. The female child named in this information having testified to voluntary sexual relations with appellant many times prior to June 30, she was not on that day within the protection of the statute, in that she was not "of previously chaste character." The term "of previously chaste character" means the same in law as in morals. It describes a condition of sexual purity. It means a female who has never submitted herself to the sexual embrace of man, and who still retains her virginal chastity. It is defined as "chaste in fact when seduced," in *Hussey v. State*, 86 Ala. 34, 5 South. 484; as "Actual personal virtue," in *State v. Patterson*, 88 Mo. 88, 57 Am. Rep. 374; *Lyons v. State*, 52 Ind. 426; *Kenyon v. People*, 26 N. Y. 203, 84 Am. Dec. 177,

"A chaste female is one that has never had sexual intercourse—who yet retains her virginity. A virtuous female is one who has not had sexual intercourse unlawfully—out of wedlock, knowingly and voluntarily." *Marshall v. Territory*, 2 Okl. Cr. 136, 101 Pac. 139.

Whatever may be the language which one may choose to define a female of previously chaste character, it certainly cannot be contended that one who, moved by lewd desire and

libidinous impulse, submits herself to the carnal embrace of a man from November to July whenever the time and the place are opportune, is a female of such a character on the 30th day of June.

It is argued by the state that, as to the appellant, the prosecutrix is exempt from this requirement of the law; that being the author of her undoing, he cannot take advantage of his own wrong and hide himself under the cloak of this statutory requirement, as a shield for his protection. Such an argument is purely a sentimental one, and although it may be abhorrent to the moral sense to permit a man to protect himself with the shield of his own wrong, we are dealing with a legal question, and not one of sentiment nor morals; and in order to find a man guilty of such an offense as the one named in this information, we must first find a female who can in all its essentials measure up to the requirement of the law charged to be violated. The test of virtue in a woman is a personal and physical test, and when by reason of her voluntary sin she has lost her virginal purity, it matters not who contributed to that loss; she is no longer chaste. It is not a sound argument to say that the prosecutrix in this case was immune from rape as to all other men, but not from appellant. The statute makes no such distinction; neither can we. As is said in *Shirwin v. People*, 69 Ill. 55: "The right of the accused to defend must be as broad as that of the prosecution to criminate." Such we believe to be the reasoning of the law. Its authority will be found in similar cases to which we will now refer.

In *People v. Clark*, 33 Mich. 112, the defendant was charged with seduction on July 28. The complaining witness testified that the first offense was committed on that day. She then gave evidence of similar offenses committed in the month of August, one of which latter offenses was elected by the prosecution to go to the jury. The court held a conviction upon the latter act could not be sustained, and said: "The object of this statute was not to punish illicit cohabita-

tion. Its object was to punish the seducer." The court then holds there could be no seduction in August, even though made under a promise of marriage, when the evidence showed prior acts. The complaining witness having already fallen in July, there was in August no virtue to seduce. So, in *People v. Squires*, 49 Mich. 487, 13 N. W. 828, defendant was charged with seduction in September. The proof showed the first act of intercourse between the parties long prior to that. Held, complaining witness was unchaste in September, and could not then be seduced. In *Bailey v. State*, 57 Neb. 706, 78 N. W. 284, 73 Am. St. 540, the defendant was convicted of rape under a statute very similar to ours. The act charged was on June 13. The evidence disclosed that the first act of intercourse between defendant and prosecutrix took place in Iowa, the previous March. The court held that the conviction could not be sustained, as the prosecuting witness was not previously chaste in June, and said:

"The fact that she was first deprived of her virginity by the prisoner does not strengthen the state's case. . . . To sustain a conviction under it the evidence must show beyond a reasonable doubt, among other things, that the female with whom the sexual intercourse was, had was, prior to that inter-- course, sexually pure,—chaste as Diana."

The court then takes up the argument here made, that de-- fendant could not take advantage of his own wrong, and holds that the state in criminal prosecutions cannot invoke the doctrine of estoppel against a defendant; that it is not enough to show a violation of the spirit of the statute, but that its very letter must be offended against. In *State v. Patterson*, *supra*, at page 96, the court says:

"Evidence of prior specific acts of unchastity with the de-- fendant himself is now universally received, as well in cases of seduction as in cases of rape. What for? To show that in the latter class of cases there was less likelihood of absence of consent; and that in the former, in consequence of a prior act of the defendant, there was no chastity left to seduce. Can it be material by whom the prior act is performed,. whether by the defendant, or whether by any one else?"

In *People v. Nelson*, 153 N. Y. 90, 46 N. E. 1040, 60. Am. St. 592, the defendant was charged with seduction upon a "female of previous chaste character." Many acts of intercourse between the parties were testified to, occurring prior to the offense charged in the indictment. Held, that the conviction could not be sustained, upon the ground that, having indulged in frequent sexual intercourse with the defendant, the complaining witness was on the day charged not an unmarried female of previously chaste character. In *Carpenter v. People*, 8 Barb. 603, the act charged was abduction, under a statute describing the female as one "of previous chaste character." The time fixed was June, 1849. Evidence was given of an act of intercourse in 1846. The court held the female was not of previously chaste character, and said:

"The word 'previous' in this connection, must be understood to mean immediately previous, or to refer to a period terminating immediately previous, to the commencement of the guilty conduct of the defendant."

So, in the case before us, the use of those words in the information meant the time just preceding the commission of the crime charged, June 30. By her own evidence the prosecutrix was not then a female child of previously chaste character. Neither was she on June 8, when the law went into effect. She was not then within the description of the statute, and therefore not within its protection; and the motion of the defendant for a directed verdict should have been granted.

We do not wish to be understood as holding that a single act, or a number of acts of sexual intercourse, will forever deprive a woman of the protection of a statute requiring previous chastity. It has been often held that a woman may reform in law as well as in morals, and for the second time become the victim of the seducer's lust. But we have no such case here. There was no evidence of any reformation prior to June 30, nor of any assault then upon virtue's barrier:

It was from first to last mutual desire and mutual gratification.

The judgment is reversed, and the cause remanded with instructions to discharge the defendant.

Rudkin, C. J., Parker, and Gose, JJ., concur.