[No. 9359. *En Banc.* April 5, 1911.]

THE STATE OF WASHINGTON, *Respondent*, v. DENNIS SARGENT, *Appellant*.[1]

RAPE—STATUTORY RAPE—DEFENSES—PREVIOUS CHASTE CHARACTER. Under an information charging rape on or about March 1st, by carnally knowing a female child between 15 and 18 years of age, of previous chaste character, where the prosecutor elected an act of January 20th, the defense that the prosecutrix was not then of chaste character, by reason of previous relations with the accused, is not available, where all their acts occurred in the same county, within one month; since any one of the acts would have sustained a conviction under the information.

Appeal from a judgment of the superior court for Thurston county, Mitchell, J., entered June 29, 1909, upon a trial and conviction of rape. Affirmed.

*G. C. Israel* and *Frank C. Owings,*, for appellant.

*John M. Wilson*, for respondent.

CROW, J.—This is an appeal from a judgment of the superior court of Thurston county, entered upon a verdict convicting the defendant of statutory rape.

[1]Reported in 114 Pac. 868.

Section 2436, Rem. & Bal. Code, in so far as it applies to this cause, reads as follows:

"Every person who shall carnally know and abuse any female child under the age of eighteen years, not his wife, shall be punished as follows: . . .

"(3)   When such child is fifteen and under eighteen years of age, and of previously chaste character, by imprisonment in the state penitentiary for not more than ten years, or by imprisonment in the county jail for not more than one year."

Appellant, Dennis Sargent, was charged under subd. 3. The female child, as prosecuting witness, testified that the first act of intercourse occurred on January 2, 1910, and that subsequent acts prior to March 1, 1910, the date named in the information, occurred on January 16, January 18, and January 20, 1910. Appellant was arrested on March 15, 1910. The evidence was sufficient to show, and the jury by their verdict found, the prosecuting witness to be of previously chaste character. The state, upon appellant's motion and the order of the trial court, selected the act of January 20, 1910, as the particular one upon which it relied for conviction.

Appellant contends that the trial judge erred in denying his motion to withdraw the cause from the jury, and in not directing a verdict of acquittal. Citing *State v. Dacke*, 59 Wash. 238, 109 Pac. 1050, appellant insists that the evidence of the prosecuting witness shows she was not of chaste character on January 20, 1910, the date of the act upon which the state relied, and that the appellant should have been discharged, his theory being that the prosecuting witness was unchaste at all times after her first intercourse with him on January 2, 1910. There is a marked distinction between the facts of the *Dacke* case and those here shown. Dacke, who was informed against and convicted in Kittitas county, had previously sustained criminal relations with the prosecuting witness in Snohomish county, at various times from November, 1908, until March, 1909. The prose-

cuting witness then moved to Kittitas county where the criminal act charged, and for which the defendant was convicted, subsequently occurred. The statute under which he was prosecuted, being the section here involved, did not go into effect until June 8, 1909, at which time the prosecuting witness was unchaste. Discussing the statute, we said:

"The requirement that the female against whom the offense is committed shall be of 'previously chaste character' was unknown to the common law, nor was it an ingredient of any statute of this state defining rape, until the act of 1909. When, therefore, that act went into effect on the 8th day of June, 1909, it brought within its protecting terms a theretofore—so far as this crime is concerned—unknown requirement, that of previous chastity. The carnal knowledge of a female child between the ages of fifteen and eighteen years with her consent, under the old law, constituted rape; but under this act of 1909, under which this information lies, such carnal knowledge is not a crime unless the female child be of 'previously chaste character'."

None of the criminal acts occurring between Dacke and the prosecuting witness from November, 1908, to March, 1909, could have been proven under the information drawn under the third subdivision of § 2436. The act pleaded and relied upon for conviction occurred in Kittitas county, where Dacke and the prosecuting witness had resumed their criminal relations about June 30, 1909, and this court held the prosecuting witness was then unchaste, although she had sustained no criminal relation with any man other than Dacke, but she was unchaste prior to the enactment of the law under which he was prosecuted. We are not inclined to extend the doctrine there announced by applying the same to the facts of this case. Here evidence of any one of the criminal acts from January 2 to January 20, to which the prosecuting witness testified, was admissible under the authority of *State v. Osborne*, 39 Wash. 548, 81 Pac. 1096, to support the information, although it charged the act had been committed on or about March 1, 1910, and although

the appellant was entitled to an order requiring the state to announce the particular act on which it relied. The prosecuting witness was of previously chaste character on January 2, 1910, the date of the first act to which she testified. If appellant's contention is to be sustained, to the effect that he cannot be convicted for any subsequent act committed within the same calendar month, it would then be impossible to convict any defendant of the commission of this crime, upon the person of a female child over fifteen and less than eighteen years of age, unless the state relied upon the first act only and was able to produce other evidence to corroborate the testimony of the prosecuting witness as to that particular act. Such a holding would practically remove that protection with which the statute seeks to clothe female children of chaste character between fifteen and eighteen years of age. We are not prepared to thus extend the doctrine of the *Dacke* case, and in effect annul the statute itself.

In *Bailey v. State*, 57 Neb. 706, 78 N. W. 284, 73 Am. St. 540, cited and commented upon in the *Dacke* case, the defendant was indicted for having intercourse with one Clara Blue, on June 13, 1898, she then being a female child of the age of sixteen and not previously unchaste. No other man ever had intercourse with her. In the preceding March, while she was living in Iowa, the defendant had intercourse with her there. Subsequently she came to the state of Nebraska, where the defendant had intercourse with her on the 13th day of June. The court held that, to convict under the statute, the evidence must show beyond a reasonable doubt that she was of previously chaste character; but further stated that, if the first criminal act had occurred in Nebraska instead of Iowa, on the same date on which it did occur in Iowa, although it was prior to the particular act charged in the indictment, it would not have constituted a defense to an indictment predicated on the later act, since both acts had they occurred in Nebraska would have been within the

statute of limitations, and each would have constituted a part of the crime charged. The court said:

"The fact that she was first deprived of her virginity by the prisoner does not strengthen the state's case. That first illicit sexual act of the female and prisoner occurred in the state of Iowa. Had the first defilement of the girl by the prisoner occurred in Nebraska instead of Iowa on the date it did, and which was prior to the one charged in the indictment, then the first defilement would be no defense to the prisoner on an indictment for the second, since both would have been within the statute of limitations and each intercourse a part of the crime charged in the indictment. But to sustain this conviction on this evidence is to punish the prisoner here for the crime committed in another jurisdiction."

Here but three acts, all occurring in Thurston county, were shown to have preceded the one selected by the prosecution, all of them, including the first, and the one upon which appellant was convicted, occurred within the brief period of less than one month. Upon this record we think it would be a travesty on justice to disturb the verdict of conviction.

The judgment is affirmed.

DUNBAR, C. J., PARKER, MOUNT, FULLERTON, MORRIS, and GOSE, JJ., concur.