[No. 11720. Department Two. May 5, 1914.]

THE STATE OF WASHINGTON, *Respondent*, v.
MARSHALL G. TILDEN, *Appellant*.[1]

CRIMINAL LAW—EVIDENCE—OTHER CRIMES—SEDUCTION. Upon a prosecution for seduction, evidence of similar prior acts between the same parties is admissible.

SEDUCTION—DEFENSES—PREVIOUS CHASTE CHARACTER — EFFECT OF PRIOR INTERCOURSE BETWEEN PARTIES. Upon a prosecution for seduction of a female of previous chaste character, committed on the 22d day of July, the accused cannot defend on the ground that the prosecutrix was not of previous chaste character on July 22, because of a prior act of intercourse between them on the 15th of the preceding month.

CRIMINAL LAW—EVIDENCE—ADMISSIBILITY. In a prosecution for seduction, it is not error to allow the prosecutrix to explain letters from the accused in which he referred to her through a nickname, and employed ambiguous terms in reference to money to be sent and other matters.

[1]Reported in 140 Pac. 680.

Appeal from a judgment of the superior court for Stevens county, Jackson, J., entered May 20, 1913, upon a trial and conviction of seduction. Affirmed.

*W. C. Stayt* and *Osee W. Noble*, for appellant.

*John B. Slater* and *J. A. Rochford*, for respondent.

Morris, J.—The appellant was charged with the crime of seduction, committed on the 22d day of July, 1912, and appeals from a conviction. The prosecuting witness testified that the first act of sexual intercourse took place on the 15th day of June, the second act three or four days later, the third some days still later, and the fourth on the day alleged in the information. At the close of the state's case, the state, on motion of appellant, was required to elect upon which one of the acts it relied for a conviction, and elected to stand on the act of July 22, as alleged in the information.

The error urged most strongly by appellant is that, the state having selected the act of July 22, it was error for the court to permit evidence of the previous acts as testified to by the prosecutrix, and that the same should have been withdrawn from the jury. Offenses involving carnal intercourse of the sexes furnish a well-recognized exception to the general rule excluding evidence of other like crimes. For a reason peculiar to those crimes, the rule has been most liberally extended, until it may be safely asserted that, where the charge is made of the commission of any of the crimes known as sexual offenses, evidence of prior acts of the same character is admissible, even though such prior act is itself a crime. *State v. Wood*, 33 Wash. 290, 74 Pac. 380; *State v. Fetterly*, 33 Wash. 599, 74 Pac. 810; *State v. Osborne*, 39 Wash. 548, 81 Pac. 1096; *State v. Sargent*, 62 Wash. 692, 114 Pac. 868, 35 L. R. A. (N. S.) 173; Elliott, Evidence, § 3149; Underhill, Crim. Evidence, § 386; *People v. Molineux*, 168 N. Y. 264, 61 N. E. 286, 62 L. R. A. 193, note on page 331, where the subject is exhaustively treated.

Appellant cites *State v. Dacke,* 59 Wash. 238, 109 Pac. 1050, 30 L. R. A. (N. S.) 173, in support of a contention that, since the prosecuting witness surrendered her virtue to appellant on June 15, she was not a "female of previous chaste character," within the meaning of the statute, on July 22, the day charged in the information. The *Dacke* case has no application here. The defendant there was charged with an offense committed on June 30, 1909, under a statute which went into effect on June 8, 1909. The evidence showed numerous acts of sexual intercourse between the prosecuting witness and the defendant, beginning in November, 1908, and it was held that, since the defendant was charged with an offense committed on June 30 under a statute requiring that the female against whom the offense was committed should be of previous chaste character, because of prior acts of sexual intercourse the prosecutrix was not of previous chaste character on June 8, when the law went into effect. In other words, the defendant being charged with an offense under the new statute, it must be shown that the female named in the information was within the description of the statute and was of previous chaste character on June 8, the day when the new statute became effective. No such question is involved in this case, and defendant here cannot shield himself under the plea that, having had sexual intercourse with the prosecutrix on June 15, he could not be charged with a violation of her chastity on July 22.

The appellant complains of certain rulings of the court in permitting the prosecutrix to explain to the jury the meaning of certain expressions used by the appellant in letters written by him to her. The given name of the prosecutrix was Leona, and in certain of his letters to her appellant used these expressions: "So sorry to hear of poor Jane. Take good care of her;" "Poor Jane, I feel so sorry for her;" "What if Jane don't get sick," and other like expressions. The prosecutrix testified over objection that "Jane" was a nickname given to her by appellant, and that, in writing of

Jane, he referred to herself. Other expressions were: "I am sending you ten stamps so you can correspond oftener;" "I don't have the stamps but will probably raise them some way;" "Will send you some stamps for Spokane;" "I wrote you a note yesterday expecting to send the stamps, but have had a deuce of a time trying to raise it and have not yet, but probably will some time today;" "Will send you twenty stamps today and enough for home in a few days." The prosecutrix was permitted to testify, over objection, that "stamps" meant money. In another of his letters, appellant said: "I think you was very foolish to wait so long, but of course you know best." Prosecutrix was permitted to explain her understanding of the meaning of this statement. She was also permitted to explain the meaning of the following statement in one of appellant's letters to her: "You don't want to worry too much because you have quite a little time, girl. See how long it was the last time; over two months, was it not?" We find no error in any of these rulings.

Appellant next excepts to six of the instructions given to the jury. We shall not set out these instructions, but content ourselves with saying that we have read them in the light of the appellant's exceptions and find no error. Other exceptions made by appellant have been reviewed, and without setting them out in detail, for the sake of brevity, we are of the opinion that they are not well taken.

Finding no prejudicial error in the case, the judgment is affirmed.

Crow, C. J., Mount, Fullerton, and Parker, JJ., concur.