[No. 16030. Department Two. January 7, 1921.]

THE STATE OF WASHINGTON, *Respondent*, v. ROBERT THOMPSON, *Appellant*.[1]

INDICTMENT AND INFORMATION (40-95)—TIME OF OFFENSE—NECESSITY OF AVERMENT—VARIANCE. The time of the act of carnally knowing and abusing a female child of the age of twelve years, under an information charging the crime as having been committed on the 8th day of September, 1918, in the absence of the question of an alibi raised by the defense, may be proven to have occurred at any time before the filing of the information and within the limitation period fixed by law.

CRIMINAL LAW (217)—TRIAL—REMARKS AND CONDUCT OF JUDGE. In a criminal action for carnally knowing a female child, it is not a comment on the evidence by the trial judge to advise the jury that evidence elicited from the complaining witness on cross-examination as to her previous relations with another man should be considered solely for the purpose of determining the weight which should be given her testimony.

Appeal from a judgment of the superior court for Snohomish county, Alston, J., entered July 15, 1919, upon a trial and conviction of statutory rape. Affirmed.

*E. C. Dailey* and *A. E. Dailey*, for appellant.

*Thos. A. Stiger*, for respondent.

TOLMAN, J.—Appellant was found guilty by a jury of the crime of carnally knowing and abusing a female child of the age of twelve years. From a judgment on the verdict, and a sentence of not less than five years' confinement in the state penitentiary, he appeals.

The information charged that the crime was committed on the 8th day of September, 1918, while the proof was to the effect that the act occurred on September 22, 1918. Appellant objected to the introduction of evidence tending to show that the act was com-

[1]Reported in 194 Pac. 553.

mitted at a time subsequent to that charged in the information, and assigns as error the overruling of his objection. The information was filed April 22, 1919, and since there was no question of an alibi raised by the defense, the act might be proven to have occurred at any time before the filing of the information and within the limitation period fixed by law. *State v. Wilson,* 9 Wash. 16, 36 Pac. 967; *State v. Hoshor,* 26 Wash. 643, 67 Pac. 386.

Complaint is next made that the trial court, in passing upon the admissibility of evidence sought to be elicited from the complaining witness, on cross-examination, as to her previous relations with another man, advised the jury that such evidence should be considered solely for the purpose of determining the, weight which should be given to her testimony. Since the evidence was finally admitted without objection, the only serious complaint is that this constituted an oral instruction to the jury. We cannot so hold. Evidence is frequently admissible for a limited purpose only, and it is the duty of the trial court, when his attention is called thereto, to so advise the jury at the time such evidence is received; and if this be done in a proper manner, as it was here, the instruction, if it can be so called, is not such an instruction as the statute requires to be in writing, nor is it a comment on the evidence in the forbidden sense.

Lastly, it is contended that the evidence was insufficient to justify the verdict. We have carefully read the record and find that there was competent evidence before the jury upon every material point, and, in fact, the evidence appears to preponderate in favor of the verdict as rendered. The judgment appealed from is affirmed.

HOLCOMB, C. J., MOUNT, MITCHELL, and MAIN, JJ., concur.