[No. 25756. Department One. August 21, 1936.]

THE STATE OF WASHINGTON, *Respondent*, v. JOHN OBERG, *Appellant*.[1]

[1]Reported in 60 P. (2d) 66.

430 ·

*Joseph H. Griffin,* for appellant.

*Warren G. Magnuson* and *Carl R. Heussy,* for respondent.

STEINERT, J.—The prosecuting attorney of King county filed an information containing three separate counts, each of which charged the defendant with the crime of sodomy. Three separate and distinct offenses were alleged to have been committed, on different dates, on the persons of three boys named in the information. Upon a trial before a jury, and at the conclusion of the state's evidence, the third count was dismissed on defendant's motion. The jury found the defendant guilty on each of the other two counts. From the judgment of conviction and sentence to consecutive terms of imprisonment, the defendant has appealed.

For about four years prior to the time of the commission of the alleged offenses, appellant had operated and conducted a shoe-repair shop in a general residence and business community in the city of Seattle. A group of boys, ranging from eleven to fifteen years of age, a number of whom were newsboys, made the shop a kind of rendezvous or loafing place. Another group, whose ages bordered on majority, made the shop the headquarters for a soccer football team of which

they were members. The offenses charged relate to boys in the younger group. For obvious reasons, we shall not refer to the boys by name but, rather, by num- . ber, in the inverse order designated in the respective counts.

Count three charged the appellant with having committed the crime on the first boy on or about April 3, 1934; count two charged him with having committed the crime on the second boy on or about September 5, 1934; count one charged him with having committed the crime on the third boy on or about October 27, 1934.

The state introduced its evidence on the third count first, then on the second count, and then on the first count. It then introduced evidence, generally, on a related matter, to which we shall specifically refer a little further along.

On direct examination, the first boy testified that, on or about April 3, 1934, appellant took him into a room, partitioned off from the repair shop, and, after exhibiting to him some indecent pictures which showed lewd poses of men and women, and also permitting him to read some typewritten sheets containing vulgar stories regarding the opposite sex, committed upon him the crime charged in the third count. The boy also testified that he had seen appellant exhibit similar pictures and also lewd books to other boys, including the other two named in the information.

On cross-examination, the boy was further interrogated concerning the date of the offense, and then fixed the time as being shortly after school vacation had begun, which was about June 17. Being recalled on direct examination, he testified that the first time that the offense was committed upon him by appellant was in the latter part of May, 1934. The trial was had in February, 1935. Throughout the course of the boy's testimony, many objections thereto were made by ap-

pellant on the ground of its irrelevancy and incompetency. Appellant insisted that, with reference to count three, the state was limited, in its proof, to what occurred on April 3, 1934.

Although the court, at the conclusion of the state's case, and upon appellant's motion, withdrew the charge based on count three and instructed the jury not to consider it in any manner, appellant nevertheless now contends that the error in originally admitting the testimony was not thus cured, and that its effect was to prejudice him in the minds of the jury on the other two counts. This is the basis of appellant's first assignment of error.

In our opinion, if the court committed any error at all, with respect to count three, it was in withdrawing that charge from the jury.

In the first place, it is apparent from the record that the boy was endeavoring to fix the time of the occurrence with relation to the school vacation. He first fixed it as of April 3, thinking that his vacation was at about that time. Later, his attention being called to the fact that the vacation period began on June 17, he laid the time of the occurrence as on about June 20. The time designated in the information was *on or about* April 3. That was sufficient to admit proof of the act at any time within the statute of limitations, there being no defense of alibi. *State v. Osborne,* 39 Wash. 548, 81 Pac. 1096; *State v. Myrberg,* 56 Wash. 384, 105 Pac. 622; *State v. Thompson,* 113 Wash. 696, 194 Pac. 553.

But, even if the evidence tended to show that two or more offenses had been perpetrated on the same boy on different dates, such evidence was competent. The general rule excluding evidence of offenses, distinct and different from that for which the defendant

is being tried, does not apply to offenses involving carnal intercourse committed upon the same person.

"Offenses involving carnal intercourse of the sexes furnish a well-recognized exception to the general rule excluding evidence of other like crimes. For a reason peculiar to those crimes, the rule has been most liberally extended, until it may be safely asserted that, where the charge is made of the commission of any of the crimes known as sexual offenses, evidence of prior acts of the same character is admissible, even though such prior act is itself a crime. *State v. Wood,* 33 Wash. 290, 74 Pac. 380; *State v. Fetterly,* 33 Wash. 599, 74 Pac. 810; *State v. Osborne,* 39 Wash. 548, 81 Pac. 1096; *State v. Sargent,* 62 Wash. 692, 114 Pac. 868, 35 L. R. A. (N. S.) 173; Elliott, Evidence, § 3149; Underhill, Crim. Evidence, § 386; *People v. Molineux,* 168 N. Y. 264, 61 N. E. 286, 62 L. R. A. 193, note on page 331, where the subject is exhaustively treated." *State v. Tilden,* 79 Wash. 472, 140 Pac. 680.

See, also, note to 48 L. R. A. (N. S.) 236.

Such evidence is admissible on the principle and theory that antecedent conduct and demeanor of the parties towards each other tends to show the probability of the commission of the specific act charged and to corroborate the testimony of the prosecuting witness. *State v. Fetterly,* 33 Wash. 599, 74 Pac. 810; *State v. Morgan,* 146 Wash. 109, 261 Pac. 777.

Such evidence may have the effect, at times, of rendering uncertain which of several proven crimes the information was intended to charge. But, in such case, the proper way to make ascertainment is to require the prosecutor to elect on which act he intends to rely for conviction. *State v. Osborne,* 39 Wash. 548, 81 Pac. 1096; *State v. Workman,* 66 Wash. 292, 119 Pac. 751; *State v. Rasmussen,* 125 Wash. 176, 215 Pac. 332; *State v. Hanson,* 133 Wash. 527, 234 Pac. 28; *State v. Morgan,* 146 Wash. 109, 261 Pac. 777. That was not done in this instance. But, even if the prosecutor had

been required to elect the specific act upon which he would rely for conviction, that would not have had the effect of excluding evidence of other similar acts.

But, aside from everything that we have just said with respect to appellant's first assignment of error, the fact is, as already stated, that the court dismissed count three and instructed the jury not to consider it in any way whatever. With the dismissal of that count, went all the evidence connected therewith. The procedure followed by the court in dismissing that count was the usual procedure in such cases. Although the evidence touching the first and second counts was of the same kind and character as that touching the third count, it related to different offenses and was amply sufficient to sustain a conviction on each of those counts. The appellant sustained no legal prejudice by the submission of the case to the jury on counts one and two.

The remaining assignments of error pertain to the admission of certain evidence regarding the related matter referred to in the early part of this opinion.

The state offered to prove by the three prosecuting witnesses and by four other boys of the younger group that appellant had committed the same offense upon at least one boy other than those named in the information; also, that the appellant had taken immoral liberties with a number of boys generally and had from time to time shown them indecent books and pictures. Upon objection, and after argument of counsel, the court made a ruling to the effect, (1) that evidence would not be admitted to show the commission of sodomy upon any boys other than those named in the information, and (2) that evidence regarding immoral liberties taken, and indecent pictures and books shown, by the appellant would be limited to those occurrences at which some one or more of the prosecuting witnesses

were present, and within thirty days prior to the commission of the specific acts of sodomy charged in the information. The appellant's original objection, and his present complaint, to this evidence was, and is, that it permitted proof of an independent crime, namely, that of contributing to the delinquency of minors.

While the record is somewhat confusing, it is apparent to us that the evidence offered and admitted complied with the ruling of the court. Assuming, without deciding, that the restrictions placed upon the state by the court were reasonable and proper, we are convinced that the evidence was admissible.

The books and pictures were of a sexual nature and were calculated to arouse lascivious thoughts on the part of those who saw or read them, particularly those who were of an adolescent age, as were the younger boys. Coupled with these suggestive influences, were immoral liberties taken by the appellant with the persons of the boys. The results, if not a foregone conclusion, were at any rate such as might naturally be expected to follow, dependent upon the moral resistance of the particular individuals. These preliminaries were but a preparation by which each of the victims became a natural and easy prey. Performed under the spur of the impending transaction, the antecedent activities constituted a prelude to the contemplated act. Hence, such evidence was relevant as forming a part of the *res gestae*. The mere fact that the preliminary acts of themselves constituted another crime did not render them inadmissible. *State v. Tilden,* 79 Wash. 472, 140 Pac. 680.

In *State v. Wood,* 33 Wash. 290, 74 Pac. 380, the following language from the case of *State v. Markins,* 95 Ind. 464, 48 Am. Rep. 733, was quoted with approval by this court:

"It is a rule of elementary logic, as well as of rudimentary law, that evidence which tends to establish

facts rendering it antecedently probable that a given event will occur, is of material relevancy and strong probative force. It is more probable that incestuous intercourse will take place between persons who have conducted themselves with indecent familiarity than between those whose behavior has been modest and decorous. It cannot be doubted that it is competent to show the previous intimacy between the persons charged with the crime of incest, their behavior toward each other and their acts of impropriety and indecency.''

The quoted language is just as applicable to the facts presented by this case.

We are of the opinion that no error was committed in admitting the evidence concerning the indecent books and pictures and the preliminary advances made by the appellant.

The judgment is affirmed.

BLAKE, MITCHELL, TOLMAN, and GERAGHTY, JJ., concur.