[No. 28115. Department Two. December 31, 1940.]

THE STATE OF WASHINGTON, *Respondent,* v. FRED JORDAN, *Appellant.*[1]

[1]Reported in 108 P. (2d) 657.

720

*A. E. Dailey,* for appellant.

*Henry M. Jackson, Leslie R. Cooper,* and *Philip Sheridan,* for respondent.

BEALS, J.—The defendant, Fred Jordan, was charged by information with the crime of carnal knowledge of a female child, fifteen years of age, who was not defendant's wife. The case was tried to a jury, which returned a verdict of guilty as charged. Defendant's motion for a new trial having been denied, a judgment of guilty was entered pursuant to the verdict, and sentence imposed, from which defendant has appealed.

Appellant apparently relies for a reversal on three alleged errors.

The information charged that the alleged offense was committed "sometime during the period intervening from July 15, 1939, to September 15, 1939," and if we understand appellant correctly, he contends that the information was not sufficiently definite as to the date of the commission of the offense charged, and that the evidence did not sufficiently show the date of the commission of an offense within the time specified, if any offense at all was proven. Appellant's defense consisted of a denial of the commission of any offense. He did not seek to prove an alibi.

Rem. Rev. Stat., § 2060 [P. C. § 9273], reads as follows:

"The precise time at which the crime was committed need not be stated in the indictment or information; but it may be alleged to have been committed at any time before the finding of the indictment or the filing of the information, and within the time in which an action may be commenced therefor, except where the time is a material ingredient in the crime."

Under the rule laid down in the cases of *State v. Gottfreedson,* 24 Wash. 398, 64 Pac. 523; *State v. Myrberg,* 56 Wash. 384, 105 Pac. 622; and *State v. Oberg,* 187 Wash. 429, 60 P. (2d) 66, the information was sufficient.

In the case of *State v. Hart,* 119 Wash. 529, 205 Pac. 836, in which the offense charged was carnal knowledge of a female child, the defense was a denial of any improper relations and an alibi, the alibi having been supported by the defendant's evidence. It appears that the state elected to stand upon its evidence concerning an act of intercourse testified to have taken place on June 7th. This court held that an instruction by which the jury were told that the defendant could be convicted of the crime of attempted carnal knowledge was erroneous, holding, *inter alia,* that, the state having elected to stand upon its evidence concerning an act committed upon a specific date, and the defendant having introduced evidence tending to prove an alibi, the specific date of the alleged act became a material element of the state's case. The decision was correct, but does not support appellant's position in the case at bar, for the reason that he did not introduce any evidence tending to prove an alibi, and rested his defense solely upon his denial of any wrongdoing.

The prosecuting witness in the case at bar was evidently suffering under some mental deficiencies, and from a defect in her speech. The evidence introduced

by the state supports the finding by the jury, as evidenced by the verdict, that appellant was guilty of the offense charged, between the dates alleged in the information. The jury believed the witnesses who testified for the state, as the jury had a right to do. Appellant's contentions upon this phase of the case are without merit.

█ The prosecuting witness testified that July 4, 1939 (which date was prior to the dates alleged in the information), appellant took her to Aberdeen, where he had sexual intercourse with her. A witness called by the state testified that he was operating a group of cabins near Aberdeen, and that, on July 4th, appellant came to the cabins with a woman and rented a cabin from the witness. The witness testified that it was his custom to require persons renting his cabins to write their names and addresses on a piece of paper, and that the witness later copied the names, addresses, and auto license numbers into his permanent registration book. The registration book was offered in evidence and received over appellant's objection.

Appellant contends that the evidence was improperly admitted, the entries in the book being all in the handwriting of the witness, and the book not bearing appellant's own signature. The witness testified that he kept a record of persons renting his cabins, in the manner above indicated, and that the book introduced in evidence was kept in the ordinary course of his business. The witness also positively identified appellant as the man who rented a cabin on the date mentioned. The book was properly received in evidence, and the ruling of the court allowing the witness to testify concerning the same was correct.

█ In connection with the evidence concerning appellant's trip to Aberdeen, appellant contends that evidence concerning this trip should not have been

admitted, because it concerned an offense committed at a time not within the dates charged in the information.

In the case of *State v. Wood*, 33 Wash. 290, 74 Pac. 380, in which the defendant was charged with the crime of incest, and convicted by the jury, it was contended on appeal that the trial court had erred in allowing the state to introduce evidence concerning previous acts of sexual intercourse between the appellant and the prosecuting witness. In holding that the evidence was properly admitted, this court said:

"The general rule undoubtedly is that evidence of a distinct and different offense from that for which the defendant is on trial is inadmissible, but that rule has no application to cases of the character of the one before us. In prosecutions for adultery, fornication, rape upon one under the age of consent, and incest, it has been held uniformly that acts of sexual intercourse occurring between the parties prior to the act charged in the information may be proved. The reason for the rule is well stated in *State v. Markins*, 95 Ind. 464, 48 Am. Rep. 733, where it is said:

" 'It is a rule of elementary logic, as well as of rudimentary law, that evidence which tends to establish facts rendering it antecedently probable that a given event will occur, is of material relevancy and strong probative force. It is more probable that incestuous intercourse will take place between persons who have conducted themselves with indecent familiarity than between those whose behavior has been modest and decorous.' "

The cases of *State v. Fetterly*, 33 Wash. 599, 74 Pac. 810; *State v. Tilden*, 79 Wash. 472, 140 Pac. 680; and *State v. Oberg, supra*, are to the same effect.

In the case of *State v. Mertz*, 129 Wash. 420, 225 Pac. 62, in which the defendant was charged with the crime of rape by force, it was held that the trial court had erred in allowing the state to introduce evidence

concerning a second offense which occurred approximately six weeks after the date of the alleged crime. The *Mertz* case, which involved forcible rape, is not out of line with the case of *State v. Wood, supra,* and the later cases to the same effect, and those cases are controlling here. The trial court did not err in admitting the evidence of which appellant complains.

In the case at bar, the record amply supports the jury's verdict, finding that, between the dates charged in the information, appellant committed the offense with which he was charged.

The record is free from error, and the judgment appealed from is affirmed.

MILLARD, SIMPSON, and JEFFERS, JJ., concur.

BLAKE, C. J., concurs in the result.

[1]Reported in 108 P. (2d) 635.