[No. 38705.  Department Two.  July 6, 1967.]

THE STATE OF WASHINGTON, *Respondent,* v. GARY RALPH
KING, *Appellant.**

*Reported in 429 P.2d 914.

*Murray B. Guterson,* for appellant.

*Richard A. Nelle* and *William A. Gardiner,* for respondent.

FINLEY, C. J.—The defendant was accused and convicted of one count of indecent liberties concerning a male child under the age of 15 years. He was sentenced to a maximum term of 20 years in such correctional facility as the Director of Institutions deemed appropriate.

Gary King, the defendant, was 21 years old at the time the information was filed, and was 22 years of age at the time of trial. After graduating from high school, he managed a bowling alley, where he organized a junior league for young children to participate in bowling. He coached a Little League baseball team. After extensive screening, which included psychological testing, he was accepted into the Big Brother Association, a national organization established to provide adult male companionship for boys who have no father. He also attended Everett Junior College in Everett, Washington, for 2 years, where he majored in history, and studied, among other subjects, psychology.

The complaining witness, Paul, was 9 years old when he first met the defendant. Paul's older brother had met the defendant earlier through bowling regularly at the bowling alley where the defendant worked. The defendant became well acquainted with Paul's family. He stayed at their home for different periods of time on various occasions over a 3-year period. During this time, he provided advice, companionship, and at least some assistance to Paul's deaf and widowed mother in maintaining the family. At the time of the act charged, Paul was 12 years old. He had passed his 13th birthday by the time of the trial.

Over the defendant's objection as to sufficient relevancy, the trial court admitted 10 pictures of nude or scantily clad boys, young men, and girls as exhibits which went to the jury. One young boy appeared in four of the pictures in poses calculated to suggest propensity for indecent activities. The prosecution's theory in support of the admissibil-

ity of the pictures was that they tended to show seduction of Paul and the defendant's disposition to commit the act. The pictures had been found in the defendant's possession, and Paul testified that they were shown to him about 2½ months prior to the time of the act charged. The trial court, apparently relying on *State v. Oberg*, 187 Wash. 429, 60 P.2d 66 (1936), ruled that the pictures were sufficiently connected with the act charged to be admissible.

The defendant testified in regard to his study of psychology in college and that he had been studying homosexuality for 3 years prior to the time of the act charged in anticipation of writing on the subject. He testified that the pictures admitted as exhibits and others like them were used in connection with interviews with homosexuals. The defendant identified and offered an exhibit consisting of 40 to 50 pages of notes and summary of part, but not all, of his interviews and study of homosexuality. The defendant testified that he had often transcribed his interview notes and had in many cases discarded the original notes. The defendant's mother and his bridge instructor both testified that they had known of the defendant's study of homosexuality and his interest in writing on the subject sometime prior to the time of the act charged. The trial court ruled that the exhibit was not admissible.

In appealing from his conviction, the defendant makes three assignments of error which raise two issues: (1) whether the trial court erred in admitting the pictures and in permitting testimony with respect thereto; and (2) if the admission of the pictures was not erroneous, whether the trial court erred in rejecting the proffered exhibit consisting of the defendant's notes.

In regard to the pictures, the defendant argues that, while evidence of a particular sexual act with the prosecuting witness on a different occasion is admissible (to demonstrate the likelihood of the reoccurrence of the similar act with which the accused is charged), evidence of independent similar acts with others is not admissible, and, therefore, evidence of independent dissimilar conduct—posses-

sion of pornographic pictures—should not be admissible. We are not convinced by this argument. Although there is a danger of prejudicing the jury's consideration of the defendant's character inherent in this type of evidence, the trial court admitted the pictures on the legitimate reasoning that they had probative value as to the likelihood of the occurrence of the act charged. The balancing of the relevancy and desirability of evidence of this type against its harmful effect upon an accused is a matter peculiarly within the discretion of the trial court. *State v. Johnson,* 56 Wn.2d 700, 355 P.2d 13 (1960).

■ In *State v. Oberg, supra,* this court affirmed a conviction of sodomy despite the argument that the trial court erred in admitting indecent books and pictures allegedly shown to the boys upon whom the acts charged were committed. The trial court in *Oberg* limited the admission of this material to those items shown to one or more of the prosecuting witnesses within 30 days prior to the commission of the act charged. This court specifically declined to rule as to whether the restrictions placed upon the admission of the evidence were necessary and proper. This court did establish, however, that evidence regarding the showing of the pictures to the minor prosecuting witnesses prior to the act charged, even though such showing constituted another crime, was admissible in prosecutions for sexual crimes as part of the res gestae when it showed a continuing course of related indecent conduct.

In the instant matter, Paul testified that the pictures were shown to him by the defendant approximately 2½ months prior to the time of the act charged. The defendant emphasizes that Paul also testified to sexual activities with defendant over a period which began some 3 years prior to the time of the act charged. From this the defendant would have us draw the conclusion that the pictures could not have performed any seductive function and were improperly admitted because of their extreme detrimental effect. We cannot reach the suggested conclusion. The testimony of Paul, if believed, shows a continuing course of seduction

over a 3-year period. The testimony further indicates that the pictures were used to stimulate lascivious thoughts and promote continuation of the illicit activities including the act charged. Although evidence of this nature can readily have detrimental and prejudicial effect, and therefore must always be admitted with great caution, we conclude that, under the principle announced in *Oberg*, the trial court did not abuse its discretion in admitting the challenged material.

We reach a different conclusion as to the exclusion of the defendant's proffered exhibit consisting of what he testified were his notes based upon interviews with homosexuals, which exclusion we find to be error. The trial court rejected the exhibit on the grounds that it was self-serving, not the best evidence, and incomplete. None of the grounds stated by the trial court are valid bases for exclusion of the material.

The statement that exhibit 45 was "self-serving" seems to be a shorthand way of saying that it was hearsay and did not fit into any of the recognized exceptions to the hearsay rule. This would have been a proper objection if the exhibit had been offered to prove the truth of the statements made in the defendant's notes, but it was not offered for that purpose. The exhibit was offered only for the purpose of showing that the notes were in fact made by the defendant, and the hearsay objection was thus not validly taken. *Palin v. General Constr. Co.*, 47 Wn.2d 246, 287 P.2d 325 (1955).

The best evidence rule is also inapplicable to this situation. The best evidence rule requires the production of an original writing, except when its unavailability is satisfactorily explained, when an effort is being made to *prove the terms of a writing*, but it has no application to an attempt to *prove the existence of a writing*. McCormick, Evidence § 198 (1954). As noted above, the exhibit in question was not offered in an attempt to prove the contents of the defendant's notes, but only to prove that such notes in fact existed.

■ The objection that the exhibit was incomplete we also find not to be well taken. This might have been a valid objection if the exhibit had been offered to prove the truth of what it said or as a document which created or transferred a right. Although it has now become rather repetitious, we again note that the exhibit was offered only to prove that the defendant's notes did in fact exist as he had testified.

■ We can find no valid basis for the exclusion of exhibit 45. The prosecution argues that the rejected evidence was merely cumulative of the defendant's oral testimony and that its exclusion was at most harmless error. We would be extremely naive, however, were we to ignore the profound effect the previously admitted pictures of scantily clad or nude young people must have had on the jury's conception of the defendant's character. If the defendant had a rational explanation for the possession of these pictures which was unconnected with the crime charged, he was entitled to present it as clearly and forcefully as possible. The notes were vivid, concrete evidence of his study of homosexuality, though probably not as vivid as the pictures which were admitted only because they might tend to show a course of conduct of which the crime charged was a part. Once the pictures were admitted, the proffered exhibit should have been admitted to enable the defendant to counteract the dangerously inflammatory tendency of the pictures as best he could.

The judgment and conviction are reversed, and the case is remanded for a new trial. If such pictures as constituted exhibits 1 through 10 in the present case are again received in evidence, the defendant must be granted full opportunity to explain his possession of such materials.

WEAVER, ROSELLINI, and HAMILTON, JJ., and BARNETT, J. Pro. Tem., concur.

---

September 12, 1967. Petition for rehearing denied.