# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON | ) | No. 72366-9-I |
| Respondent, | ) ) | |
| | ) | DIVISION ONE |
| v. | ) ) | UNPUBLISHED OPINION |
| HAROLD EUGENE LANG, JR., | ) ) | |
| Appellant. | ) | FILED: November 17, 2014 |

TRICKEY, J. — Harold Lang appeals from the judgment entered on a jury's verdict finding him guilty of robbery in the first degree. He alleges that the trial court made evidentiary errors and that insufficient evidence supported his conviction. Finding no reversible error, we affirm his conviction.

## FACTS

On October 15, 2012, Lang met Ian Kristiansen to purchase an iPhone that Kristiansen had advertised for sale. Lang arrived at approximately 9:30 p.m. at Kristiansen's place of employment, and the two walked inside the building and sat around a fire pit. After Kristiansen showed Lang the iPhone, Lang exited the building and returned after five minutes. Lang then asked to see the iPhone outside of its protective case. As Kristiansen began to remove the phone from its case, Lang seized the phone from Kristiansen's hand. Kristiansen attempted to keep control of the phone, but his efforts were unavailing. Lang ran off with the iPhone and Kristiansen chased after him. At some point during the pursuit, as Kristiansen began to slow down, a man approached Kristiansen from behind and asked, "'Do you want to get shot? Keep running.'"[1]

---

[1] 2 Report of Proceedings (RP) at 186.

Kristiansen noticed the man's right hand was placed in his sweater. Kristiansen stopped running because he feared the man had a gun in his pocket.

The next day, Kristiansen posted an advertisement on Craigslist, describing the previous night's incident and warning others about Lang.

Police officers apprehended Lang on October 19, 2012, and advised him of his Miranda rights. Miranda v. Arizona, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966). Lang provided a statement to the officers. He admitted that he had stolen the iPhone from Kristiansen. Lang also explained that he had arrived at the meeting location with two other people—a driver of the vehicle and a man named Arsenio Jackson. Lang told the officers that after he stole the iPhone, he fled to the vehicle where the driver was, but Jackson was not there. Soon Jackson returned to the vehicle and informed Lang that he had just threatened to beat up Kristiansen. Lang also told the officers that he had become aware that Jackson threatened to shoot Kristiansen after viewing Kristiansen's Craigslist ad. Upon seeing the ad, Lang contacted Jackson, who admitted he had threatened to shoot Kristiansen.

The State charged Lang by amended information with one count of robbery in the first degree.[2] A jury found him guilty as charged.

Lang appeals.

## ANALYSIS

Lang claims that the trial court abused its discretion by admitting certain evidence and excluding other evidence. Neither of his contentions merits reversal.

---

[2] The State charged Lang with another count of robbery in the first degree. However, this count was dismissed with prejudice.

We review the trial court's admission or exclusion of evidence under an abuse of discretion standard. State v. Thomas, 150 Wn.2d 821, 856, 83 P.3d 970 (2004), aff'd, 166 Wn.2d 380 (2009). A trial court abuses its discretion when "no reasonable person would have decided the matter as the trial court did." Thomas, 150 Wn.2d at 856.

Lang first asserts that the trial court improperly allowed the State to refresh Kristiansen's recollection as to the content of the Craigslist ad.

During direct examination of Kristiansen, the State inquired about the events of the robbery. The State then asked Kristiansen whether he has seen the Craigslist ad. Kristiansen responded that had seen the ad but did not recall the details. The State asked Kristiansen if he had spoken to an officer about the ad. The State handed Kristiansen the marked transcript and instructed him to tell the State if what he read was what he remembered posting. Defense counsel objected, arguing it was improper procedure for refreshing a witness's recollection. The trial court overruled this objection. After Kristiansen read the ad to himself, the State asked if what he read was what he had posted, and Kristiansen answered affirmatively. The following exchange ensued:

| | |
|---|---|
| [State]: | Can you read the first line? |
| [Defense Counsel]: | Objection, hearsay. |
| [Trial Court]: | Well, the question is, if it refreshes his recollection. He needs to testify from memory rather than the document. |
| [State]: | Does it remind you what you said? |
| [Kristiansen]: | Yes. |
| [State]: | What did you state? |
| [Kristiansen]: | That I had my phone stolen. |
| [State]: | Did you specify where it was taken from? |
| [Kristiansen]: | No. |
| [State]: | I'm going to show you again what you wrote. Why don't you -- |
| [Defense Counsel]: | Your Honor, this -- |
| [State]: | I'm just refreshing his recollection, Your Honor, if it's true. |

3

| | |
|---|---|
| [State]: | Does looking at that refresh your recollection as to where you indicated your phone was taken from? |
| [Kristiansen]: | No. |
| [State]: | On where the phone was when it was taken from you? |
| [Kristiansen]: | I know where the phone was taken. |
| [State]: | Where was it taken from? |
| [Kristiansen]: | My job. |
| [State]: | On you personally, where did you have the phone? |
| [Kristiansen]: | In my hand. |
| [State]: | Did you state that in your ad? |
| [Kristiansen]: | No. |
| [State]: | Did you put it in the ad that the phone was taken from your hands? |

. . . .

| | |
|---|---|
| [State]: | The reason I'm showing you is to refresh your recollection about what you specifically wrote, because that's important and the jurors need to hear that. **Did you write in your ad your phone was snatched from your hand?** |
| [Kristiansen]: | Yes.[3] |

ER 801(c) defines "hearsay" as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." It is not admissible unless an exception applies. ER 802.

The State did not move to admit the Craigslist ad, nor did Kristiansen read the ad aloud to the jury. But the State essentially used the ad to prove the truth of the statements contained in the ad—namely, that Lang seized the cell phone from Kristiansen's hand. The State's contention to the contrary is disingenuous. Accordingly, the trial court abused its discretion in allowing the admission of the improper hearsay testimony.

When a trial court makes an erroneous evidentiary ruling, the question on appeal is whether the error was prejudicial. Brown v. Spokane County Fire Prot. Dist. No. 1, 100 Wn.2d 188, 196, 668 P.2d 571 (1983). "Error will not be considered prejudicial unless it

---

[3] 2RP at 190-91 (emphasis added).

affects, or presumptively affects, the outcome of the trial." Brown, 100 Wn.2d at 196. "Improper admission of evidence constitutes harmless error if the evidence is of minor significance in reference to the evidence as a whole." State v. Neal, 144 Wn.2d 600, 611, 30 P.3d 1255 (2001).

Here, the trial court's evidentiary ruling was harmless error. In light of Kristiansen's previous testimony regarding the events of the robbery, and given the testimony of other witnesses, this hearsay statement was of minor significance. The trial court's error in admitting the hearsay testimony did not affect the outcome of the trial.

Lang next contends that the trial court erred in excluding evidence as self-serving hearsay because, he argues, the evidence was admissible under ER 106. We disagree.

A criminal defendant has a constitutional right to present relevant, admissible evidence in his defense. State v. Rehak, 67 Wn. App. 157, 162, 834 P.2d 651 (1992), review denied, 120 Wn.2d 1022, cert. denied, 508 U.S. 953 (1993). Nevertheless, the refusal to admit evidence lies largely within the trial court's discretion, and we will not reverse the trial court's decision absent an abuse of that discretion. Rehak, 67 Wn. App. at 162.

At a CrR 3.5 hearing held prior to trial, one of the officers testified that during her interview with Lang, Lang told her that at the meeting with Kristiansen, Kristiansen would not hand Lang the iPhone if he removed the protective case. The officer quoted Lang as saying, "But [Kristiansen] said, 'I'll set it on the table and you can use it, you can try to see if it works. So basically to see if I wanted it. While it was on the table with us and he set

it on the table, **I snatched it and ran.**' . . . 'As soon as he set the phone on the table, just like the one right here, **I just took it and runned.**'"[4]

The State moved to exclude this portion of Lang's interview as self-serving hearsay statements. Specifically, the State moved to exclude Lang's statements indicating that the cell phone was laying on the table and that he took it from the table and ran with it. The State argued that the statements were self-serving and fell under no hearsay exception in the rules of evidence. Defense counsel responded that excluding these statements would take Lang's entire statement out of context considering that, according to his theory, Lang was only interested in committing theft, not robbery.

The trial court ruled that it was self-serving hearsay and excluded the statements. The court found that the remaining statements were not self-serving but were statements against interest.

The rules of evidence contain no self-serving hearsay bar that excludes an otherwise admissible statement. State v. Pavlik, 165 Wn. App. 645, 653, 268 P.3d 986 (2011); see also State v. King, 71 Wn.2d 573, 577, 429 P.2d 914 (1967) ("self-serving" is shorthand way of saying statement is hearsay and does not fit recognized exceptions to hearsay rule). Rather, admissibility must be addressed under the recognized exceptions to the hearsay rule. Pavlik, 165 Wn. App. at 654.

The purpose of the State's motion to exclude the statements was to preclude Lang from offering them at trial during cross-examination of the officers. The State argued that if Lang sought to offer the statements, he would have had to do so through Lang's own testimony. Had Lang offered his statements for the truth of the matter asserted at trial,

---

[4] 2 RP at 137 (emphasis added).

they would have been hearsay and would not have qualified as an exception to the hearsay rule. ER 801(d)(2); see State v. Sanchez-Guillen, 135 Wn. App. 636, 645, 145 P.3d 406 (2006). Had the State offered the statements against him, however, Lang's statements would have constituted nonhearsay admissions of a party opponent. ER 801(d)(1); see Sanchez-Guillen, 135 Wn. App. at 645.

Lang nevertheless contends that the statements were admissible under ER 106. Under ER 106, if a party introduces a statement, an adverse party may require the party to introduce any other part "which ought in fairness to be considered contemporaneously with it." However, the evidence must be relevant to the issues in the case, and "'the trial judge need only admit the remaining portions of the statement which are needed to clarify or explain the portion already received.'" State v. Larry, 108 Wn. App. 894, 910, 34 P.3d 241 (2001) (quoting United States v. Haddad, 10 F.3d 1252, 1258-59 (7th Cir. 1993)).

Here, the excluded statements were not necessary to explain Lang's statements that he planned to take the cell phone; that he went to Kristiansen's place of employment with two others, one of whom had threatened to shoot Kristiansen; that Lang asked Kristiansen to remove the protective case; that Kristiansen showed up with another person; and that when Jackson returned to the vehicle he informed Lang that he told Kristiansen that he would beat him up. The trial court did not abuse its discretion by excluding Lang's statements.

Lang next contends that there was insufficient evidence to support his conviction for robbery. We disagree.

The State must prove every element of the crime charged beyond a reasonable doubt. State v. Williams, 136 Wn. App. 486, 492-93, 150 P.3d 111 (2007). Evidence is

7

sufficient if, when viewed in the light most favorable to the State, it permits any rational trier of fact to find the essential elements of the crime beyond a reasonable doubt. State v. Salinas, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992).

"A claim of insufficiency admits the truth of the State's evidence and all inferences that reasonably can be drawn therefrom." Salinas, 119 Wn.2d at 201. Circumstantial and direct evidence are equally reliable. State v. Delmarter, 94 Wn.2d 634, 638, 618 P.2d 99 (1980). "Deference must be given to the trier of fact who resolves conflicting testimony and evaluates the credibility of witnesses and persuasiveness of material evidence." State v. Carver, 113 Wn.2d 591, 604, 781 P.2d 1308 (1989).

For the jury to find Lang guilty of robbery in the first degree, the State was required to prove, among other elements, that either Lang or an accomplice displayed what appeared to be a firearm or other deadly weapon.[5] See RCW 9A.56.200(1)(a)(ii). The trial court instructed the jury that "[t]o display what appears to be a firearm means to exhibit or show what appears to be a firearm to the view of the victim or to otherwise

---

[5] The "to-convict" instructions stated the following:

To convict the defendant of the crime of robbery in the first degree, each of the following six elements of the crime must be proved beyond a reasonable doubt:
(1) That on or about October 15, 2012, the defendant unlawfully took personal property from the person or in the presence of another;
(2) That the defendant intended to commit theft of the property;
(3) That the taking was against the person's will by the defendant or an accomplice's use or threatened use of immediate force, violence, or fear of injury to that person or to that person's property;
(4) That force or fear was used by the defendant or an accomplice to obtain or retain possession of the property or to prevent or overcome resistance to the taking;
(5) That in the commission of these acts the defendant or an accomplice displayed what appeared to be a firearm or other deadly weapon; and
(6) That any of these acts occurred in the State of Washington.
Clerk's Papers (CP) at 80.

manifest by words and actions the apparent presence of a firearm even though it is not actually seen by the victim."[6]

The State is not required to prove that the defendant brandished the weapon or that the victim saw the weapon. State v. Kennard, 101 Wn. App. 533, 539, 6 P.3d 38 (2000). A conviction will be sustained if the evidence "is sufficient to show that the accused indicated, verbally or otherwise, the presence of a weapon because the effect on the victim is the same regardless of whether the victim actually sees the weapon." Kennard, 101 Wn. App. at 539.

In Washington, the display element of first degree robbery is met where a defendant displays what *appears* to be a deadly weapon even where the defendant does not actually have a deadly weapon or the victim does not see the weapon. Kennard, 101 Wn. App. at 539. In such cases, a defendant's threatening words, in conjunction with a menacing physical act indicating the presence of a weapon, are sufficient to satisfy the display element of first degree robbery. See, e.g., State v. Henderson, 34 Wn. App. 865, 664 P.2d 1291 (1983) (display element met where defendant's words—along with victim's observation of defendant's hand in front bulging pocket—led victim to believe that defendant possessed a gun); Kennard, 101 Wn. App. 533 (circumstances sufficient to satisfy display element where defendant stated he possessed a gun, patted his hip, and told the victim he knew where she lived); State v. Barker, 103 Wn. App. 893, 14 P.3d 863 (2000) (display element satisfied where defendant pressed an object onto victim's back and threatened to shoot her).

---

[6] CP at 75.

9

But where the defendant merely threatens the use of a deadly weapon, and makes no physical act indicating the presence of such weapon, the display element of first degree robbery in not met. In re Pers. Restraint of Bratz, 101 Wn. App. 662, 676, 5 P.3d 759 (2000) (defendant's verbal threat that he had nitroglycerin in his coat and would blow up the bank was not sufficient); see also State v. Scherz, 107 Wn. App. 427, 27 P.3d 252 (2001) (defendant's threat of possession of a hand grenade in pocket was insufficient to meet display element where defendant exhibited no physical gesture indicating presence of a deadly weapon). There must be a physical manifestation indicating the presence of a weapon. State v. Jennings, 111 Wn. App. 54, 65, 44 P.3d 1 (2002) (defendant holding hand in his shirt was physical manifestation indicating presence of weapon).

Here, the State presented sufficient evidence supporting a reasonable inference that Jackson displayed what appeared to be a deadly weapon. Jackson made verbal threats indicating he possessed a firearm while physically gesturing his possession of the gun by placing his hand in his front pocket. According to Kristiansen's testimony, while he was pursuing Lang, Jackson approached Kristiansen and said, "'Do you want to get shot? Keep running.'"[7] Kristiansen testified that Jackson "had a right hand in his sweater, like if there was something in there or just for scare."[8] Kristiansen further testified that seeing Jackson with his hand in his pocket and hearing his verbal threat led him to believe that Jackson possessed a gun. Kristiansen was afraid of getting shot and, as a result, ended his pursuit of Lang. Thus, the State presented evidence establishing that there was both a physical manifestation of the presence of a weapon and words indicating its presence, causing Kristiansen to believe Jackson had a firearm. Accordingly, viewed in

---

[7] 2 RP at 186.
[8] 2 RP at 187.

the light most favorable to the State, Kristiansen's testimony would allow a reasonable juror to find that Jackson displayed a firearm.[9]

Affirmed.

Trickey, J

WE CONCUR:

---

[9] Lang also contends that insufficient evidence sustained his conviction for robbery in the first degree because, he argues, the State failed to prove that Lang knew Jackson was going to display what appeared to be a firearm. He asserts that the State must prove a principal's general knowledge of an alleged accomplice's substantive crime. However, he offers no legal authority supporting this proposition.